JUDGE CODER
delivered the opinion of the court.
Before judgment was rendered in this case the petition was lost, and James R. Dabney was appointed a commissioner “to supply, by proof, the said lost papers.” The commissioner heard proof and reported that the contents of the lost petition were fully made out by the evidence which he filed with his report, but he did not report what the contents of the petition were, except by referring to the deposition of the attorney who drafted it. He should have written out and reported a substitute for the petition, if the evidence would have enabled him to do so, showing exactly what the contents were, and if he could not ascertain from the evidence enough to enable him to do that, he should have reported that fact. The object of appointing a special commissioner in such cases is not merely to take and report evidence of the contents of the lost paper, but to report a substitute which, when his report is. approved b¡y the court, will stand in its place; and when such a report of a lost petition does not contain every fact necessary to constitute *296 a cause of action it will not support a judgment for the plaintiff any more than the original petition would if it were in the record and contained only the facts which are contained in the report.
The court can not look to the evidence of the contents of the petition, except in passing upon the question whether it sustains the report, and no amount of evidence of the contents of the lost petition will authorize a judgment for the plaintiff if the substitute, as reported by the commissioner, or as reformed by the court before approving it, does not, unaided and of itself, show a cause of action. A party is not bound to go to trial with the facts which constitute his own or his adversaries’ pleadings lying loose in depositions in the record. The issues to be tried must appear in the pleadings either as originally made or as supplied by formal substitutes, presenting the issues with all the requisites of good pleading.
Neither party can prepare for or safely go to trial until the lost pleading is restored with all the fullness and essential formality and detail of the original. Without this it may be difficult or even impossible to know what the issues are, and all the uncertainty and confusion would be experienced that would arise if written pleadings were dispensed with altogether.
But if we could look beyond the report into the evidence taken by the commissioner, we would still be compelled to reverse the judgment in this case, for the evidence does not show that the petition contained the facts necessary to entitle the appellees to relief. It is not necessary that the witness should be able to state the language of the lost pleading. This would be impossible. It will be sufficient if the substance is stated;
Judgment reversed, and cause remanded for further proper proceedings.